**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Jean C. Fernandez-Garay**<br><br>    Petitioner<br><br>        v.<br><br>**United States of America,**<br><br>    Respondent. | CIVIL NO. 16-1058 (PG)<br>Related Crim. No. 12-678 (PG) |

**OPINION AND ORDER**

Before the court is petitioner Jean C. Fernandez-Garay's ("petitioner" or "Fernandez") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1), and the United States' (or the "government") opposition thereto (Docket No. 4). For the reasons explained below, the court **DENIES** petitioner's motion to vacate.

**I. Background**

On September 20, 2012, a grand jury returned a five-count indictment in Fernandez's related criminal case. Fernandez was charged with: 1) possessing a firearm with an extended magazine loaded with ammunition in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A); 2) possessing with intent to distribute a detectable amount of cocaine base, cocaine, heroin, and marijuana within 1,000 feet of a public housing project, in violation of 21 U.S.C. §§ 841 and 860; 3) firearms and ammunition forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and 5) narcotics forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(b), and Rule 32.2(a) of the Federal Rules of Criminal Procedures. See Crim. No. 12-678 (PG) (hereinafter "Crim."), Docket No. 9.

On October 21, 2013, Fernandez filed a motion for change of plea. The district court set a hearing on October 22, 2013 wherein Fernandez entered a plea of guilty as to Count One of the Indictment. See Crim. Docket No. 45. The government filed the plea agreement pursuant to Rule 11(c)(1)(B) along with an attached account of facts that Fernandez acknowledged to be true. See Crim. Docket Nos. 43, 40. In the sentence recommendation section, the plea agreement provided for sixty (60) months as to Count One of the Indictment. See Crim. Docket No. 43 at p. 4.

According to the facts included in the agreement, on September 8, 2012, Homeland Security Investigation special agents along with Puerto Rico Police Department officers conducted a crime prevention patrol at Sabana Abajo Public Housing Project in Carolina, Puerto Rico. Upon entering the public housing project, the agents made their way to a known drug point in their unmarked cars. The agents identified themselves as police officers and gave chase to individuals who attempted to flee. An officer encountered an individual wearing a red shirt and a mask walking in his direction while wielding a .40 caliber gun with a loaded extended clip in one hand and a bag in the other. Said individual was later identified as Jean C. Fernandez-Garay, the petitioner. After inspecting his bag, agents found multiple amounts of marihuana, cocaine, cocaine base, heroin, $680.00 in U.S. currency and an additional extended magazine. See Docket No. 43.

On January 24, 2014, the Presentence Investigative Report (PSI) was disclosed to Fernandez-Garay pursuant to Local Rule 32. See Crim Docket No. 46. Said report amplified the facts attached to the plea agreement. Pertinently, the PSI Report noted that before fleeing, Fernandez pointed his gun at the officer and threw the bag in his direction. The report also fully inventoried the contents of the bag, stating that it contained 119 small baggies of marijuana, 119 small baggies of cocaine, 262 packages of heroin, 38 packages of cocaine base, three pills of indeterminate origin along with the extended magazine and cash previously mentioned. See Crim. Docket No. 46.[1]

The court held the sentencing hearing on March 13, 2014. See Crim. Docket Nos. 51, 57. After receiving a 60-month term of imprisonment recommendation from both parties, the court imposed a sentence of 120 months relying on the facts set forth in the PSI Report. See Crim. Docket No. at pp. 6-8. The First Circuit Court of Appeals affirmed Fernandez's conviction on May 20, 2015. See United States v. Fernandez-Garay, 788 F.3d 1 (1st Cir. 2015).

On January 13, 2016, Fernandez filed a timely motion to vacate his sentence. See Docket No. 1-1. In said petition, Fernandez raises three claims pertaining to alleged ineffective assistance of counsel and one claim regarding a breach of plea agreement. See id. at pp. 1-11. Fernandez avers that counsel was ineffective: 1) for not raising PSI Report claims in a timely manner; 2) at the sentencing hearing; and 3) for failing to investigate. See id. at pp. 5-8.

---

[1] The probation officer verified this information with Puerto Rico Police Officer Angel Luis Cruz-Soto (Badge No. 27663) who confirmed he was part of the team who conducted the crime prevention patrol at Sabana Abajo Housing Project the night of September 8, 2012. The officer corroborated the fact that Fernandez pointed a gun at him while wearing a mask.

Fernandez additionally claims that the government failed to abide by the sentencing recommendation stipulated in the plea agreement. See id. at pp. 8-1.

On February 23, 2016, the government filed a response to Fernandez's motion. See Docket No. 4. The government avers that the court should deny said motion because the record belies petitioner's claims. See id. at 2.

Fernandez also filed two supplemental motions: the first on August 8, 2017 and the second on January 29, 2018. The first raises another ineffective assistance claim regarding counsel's failure to challenge the court's use of a preponderance of the evidence standard when considering additional facts at sentencing. See Docket No. 8 at pp. 2-6. Fernandez also claims that his appellate counsel was ineffective for the same reason. See id. at pp. 6-8. To his second supplemental motion, he attached an affidavit describing the events of September 8, 2012.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

The Sixth Amendment guarantees that in all criminal prosecutions, the accused have a right to the assistance of counsel for their defense. U.S. Const. amend. VI. It has long been recognized that the right to counsel means the right to the effective legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)). Where, as here, a petitioner moves to vacate his sentence on an ineffective assistance of counsel basis, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland 466 U.S. at 686; see also Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (a petitioner seeking to vacate his sentence based on the ineffective assistance of counsel bears a very heavy burden).

For petitioner's ineffective assistance of counsel claim to succeed, he must satisfy a two-part test. First, petitioner needs to show that "counsel's

representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland, 466 U.S. at 688). Second, petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to him. See United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (citing Missouri v. Frye, 132 S.Ct. 1399, 1409 (2012)). Thus, petitioner must demonstrate both incompetence and prejudice. Failure to prove one element proves fatal for the other. See United States v. Caparotta, 676 F.3d 213, 219 (1st Cir. 2012). Nonetheless, the court "need not address both requirements if the evidence as to either is lacking." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007). Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice…that course should be followed." Strickland, 466 U.S. at 697.

### III. Discussion

#### A. Ineffective Assistance of Counsel

After Fernandez received a term of imprisonment of one-hundred twenty (120) months at the sentencing hearing, the record shows that the court allowed counsel opportunity to object. See Crim. Docket No. 57 at p. 12. Counsel objected to both the term of imprisonment and the court's use of the PSI's account regarding the pointing of a firearm in determining such term. See id. at pp. 12-13. The court rejected counsel's argument on these matters. See id. at pp. 15-17.

On direct appeal, counsel advanced four claims of procedural error. Fernandez-Garay, 788 F.3d, at 4. These were: 1) that the defendant had pointed his firearm at an officer; 2) the court's reference to a notebook, which it said contained a record of drug sales; 3) that the court did not adequately consider all the statutory sentencing factors; and 4) that the court did not explain the sentence. Id. Fernandez also challenged the substantive reasonableness of the sentence. Subsequently, the First Circuit Court treated these claims as preserved, considered each on their merits and rejected them. Id.

However, because Fernandez challenged the undersigned's reliance on the PSI report at the sentencing hearing, the Court discussed the matter thoroughly. The Court explained that a sentencing court may base a finding on a fact asserted in a PSI report as long as no objection has seasonably been made to that assertion. Id. (citing United States v. Cyr, 337 F.3d 96, 100 (1st Cir.2003);

United States v. Diaz–Villafane, 874 F.2d 43, 46 n. 2 (1st Cir.1989)). The Court concluded that the sentencing judge had not erred in relying on the PSI report's account of Fernandez pointing a firearm at an officer. Id. at 6. After establishing the universal failure of all of Fernandez's procedural claims, the Court further concluded that the substantive reasonableness of the sentence had been confirmed in view of the district court having had based its decision on a "panoply of facts". Id.

Now, Fernandez has first identified counsel's failure to timely challenge the PSI Report as an error that amounts to ineffective assistance. Fernandez also advances this ineffective assistance claim alleging that counsel failed to: 1) contest that he had ever pointed a gun at an officer; and 2) bring witnesses to testify to that effect. See Docket No. 1-1 at pp. 7-6. Fernandez avers that counsel's failure to challenge the0 PSI led him to receive sixty additional months. See id. at 6. Fernandez further claims that counsel was ineffective for failing to contest this court's use of a preponderance of the evidence standard during the sentencing hearing. See Docket No. 8 at pp. 2-6. Fernandez claims that appellate counsel was also ineffective for not raising this latter claim on appeal. Id. at pp. 6-9.

It is well established that issues fully considered on direct appeal from conviction may not be relitigated via collateral attack by way of motion to vacate or correct sentence. See Withrow v. Williams, 507 U.S. 680, 721 (1993). The First Circuit "law of the case" doctrine "with only a few exceptions, forbids, among other things, a lower court from relitigating issues that were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage of the same case." De Jesus-Mangual v. Rodriguez, 383 F.3d 1, 6 (1st Cir. 2004) (citing Municipality of San Juan v. Rullan, 318 F.3d 26, 29 (1st Cir. 2003).

Here, the fact remains that in Fernandez-Garay the appellate court denied counsel's objections to both the term of imprisonment and the use of the PSI report's accounts. Hence, Fernandez cannot have a second bite at the apple under the guise of an ineffective assistance of counsel claim. Therefore, his ineffective assistance of counsel claims regarding the term of imprisonment and reliance on the PSI report necessarily fail on this basis.

Finally, Fernandez claims that counsel was ineffective for failing to investigate and prepare a defense. See Docket No. 1-1 at p. 8. Petitioner specifically alleges that counsel was ineffective for not conducting an independent investigation of the crime and of the officer involved in the arrest.

Id. Fernandez implies that the facts brought forth in the PSI report would not have affected his sentence had counsel conducted these investigations. Id. Nonetheless, this last ineffective assistance of counsel claim does not hold water. Regardless of counsel having had conducted these investigations, the same facts would have made their way into the PSI report used by the sentencing judge. Fernandez's last claim is conclusory, underdeveloped and unsupported by evidence. Therefore, this claim fails as well.

### B. Breach of Plea Agreement

As noted before, Fernandez has alleged that the government has incurred in a breach of plea agreement. Docket No. 1-1 at pp. 8-10. The record, nonetheless, entirely belies this claim. See Crim. Docket No. 57 at p. 18.  The record shows that the government complied with the agreement by standing by their sentencing recommendation of sixty months. See id. Hence, this claim necessarily fails.

### IV. Conclusion

Based on the above, the court finds that petitioner's request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED WITH PREJUDICE.**

### V. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, April 3, 2018.

*S/ GUSTAVO A. GELPÍ*
**GUSTAVO A. GELPÍ***
**UNITED STATES DISTRICT JUDGE**

---

*Due to Judge Juan M. Pérez-Giménez's unavailability, the undersigned has agreed to attend the pending § 2255 motions, which can be readily resolved by virtue of the criminal case record.